UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| INDUSTRIAS FELICIANO ALUMINUM, INC., JL TRADING CORP., and PUERTAS Y VENTANAS J.M., INC.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 21-317 |

**COMPLAINT**

Plaintiffs Industrias Feliciano Aluminum, Inc., JL Trading Corp. and Puertas y Ventanas J.M., Inc. ("Plaintiffs"), by their undersigned counsel, hereby bring this civil action and allege the following against the United States, acting by and through U.S. Customs and Border Protection ("CBP"):

**CONTESTED DETERMINATION**

1. This action is an appeal from CBP's final affirmative determination of evasion of the antidumping order A-570-967 and countervailing duty order C-570-968, covering aluminum extrusions from the People's Republic of China ("PRC"). CBP published the original affirmative determination of evasion on January 28, 2021 and a final affirmative determination on June 4, 2021. *See* Admin. Review Determination in EAPA Case No. 7423, CBP Office of Trade Regulations & Rulings, OT:RR:BSTC: PEN H315648 BEK ("ORR") (June 4, 2021) ("*June 4, 2021 Decision*").

## JURISDICTION

2. This action is brought pursuant to section 517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("EAPA"), to contest CBP's June 4, 2021 Decision. *See* 19 U.S.C. § 1517 (g).

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1581(c), which provides the Court with exclusive jurisdiction over all civil actions commenced under 19 U.S.C. § 1517.

## STANDING

4. Plaintiffs are each U.S. importers of aluminum extrusions subject to CBP's evasion investigation and therefore have standing to bring this action in accordance with 19 U.S.C. § 1517(g)(1).

5. As a result of CBP's determination of evasion, Plaintiffs are subject to antidumping duties and countervailing duties, and are therefore adversely affected or aggrieved by agency action within the meaning of section 702 of the Administrative Procedure Act, as amended, 5 U.S.C. § 702, and are entitled to commence this action pursuant to 28 U.S.C. § 2631(i).

## TIMELINESS

6. CBP's ORR completed its administrative review and issued its final affirmative determination of evasion on June 4, 2021.

7. Plaintiff is commencing this action with the concurrent filing of a summons and complaint within 30 business days of June 4, 2021 in accordance with 19 U.S.C. § 1517(g)(1).

# STATEMENT OF FACTS.

8. On May 26, 2011, the U.S. Department of Commerce issued antidumping and countervailing duty orders on aluminum extrusions from the PRC. *See Aluminum Extrusions from the People's Republic of China*: *Antidumping Duty Order*, 76 Fed. Reg. 30650 (May 26, 2011); *Countervailing Duty Order*, 76 Fed. Reg. 30653 (May 26, 2011).

9. On December 16, 2019, Aluminum Extrusions Fair Trade Committee ("AEFTC") filed separate allegations with CBP that Plaintiffs were transshipping Chinese-origin aluminum extrusions through the Dominican Republic ("DR") in order to avoid paying the antidumping and countervailing duties. On the same date, AEFTC filed similar or identical allegations with respect to four other U.S. importers.

10. On July 31, 2019, prior to initiating an investigation, or even acknowledging receipt of an allegation, CBP conducted a site visit of the manufacturer of aluminum extrusions in the Dominican Republic, Kingtom Aluminio SRL ("Kingtom"). CBP has never provided a full and complete copy of its report from this site visit, but rather has selectively described portions of its report from this site visit in its various decisions.

11. On October 31, 2019, CBP initiated EAPA Inv. 7348 on the identical merchandise from Kingtom imported by two of the same importers as in the subject case. The final determination in that case is the subject of *Global Aluminum Distributer LLC v. United State*s, Court No. 21-00198 and *Hialeah Aluminum Supply, Inc. v. United States*, Court No. 21-00207.

12. CBP acknowledged receipt of AEFTC's allegations in EAPA Case no. 7423 on January 10, 2020.

13. On January 27, 2020, CBP initiated internal investigations with regard to Plaintiffs and the other U.S. importers of aluminum extrusions that were the subject of allegations of evasion

by AEFTC. No notice of initiation was issued to Plaintiffs and the other U.S. importers at that time.

14. CBP issued Requests for Information (CF 28's) to Plaintiffs on two entries each on February 14, 2020 and February 18, 2020 to which responses were filed on March 16, 2020.

15. It was not until May 4, 2020, when CBP issued a "Notice of Initiation of Investigation and Interim Measures—EAPA Cons. Case 7423" that the Plaintiffs and the other importers became aware of the investigation the subject of this action. The entries subject to the investigation were those entered for consumption, or withdrawn from a warehouse for consumption, from January 10, 2019, through the pendency of the investigation.

16. On June 3, 2020, CBP sent a Request for Information ("RFI") to Plaintiffs and the other U.S. importers subject to EAPA Inv. 7423. Plaintiff Industrias Feliciano responded to CBP's RFI on July 8, 2020. Plaintiff Puertas y Ventanas responded to CBP's RFI on July 10, 2020. Plaintiff JL Trading responded to CBP's RFI on July 12, 2020.

17. In response to the RFI's, Plaintiffs provided all of the requested information in their possession regarding their business relations with Kingtom including their visits to Kingtom and detailed information with respect to their purchasing and sales process of custom-made aluminum extrusions from Kingtom.

18. On August 28, 2020, the Plaintiffs and the other importers submitted a Joint Voluntary Submission of Factual Information for the record.

19. A Supplemental RFI was issued to plaintiff Industrias Feliciano dated November 17, 2020, to which responses were filed on November 18, 2020 and December 1, 2020.

20. On December 11, 2020, CBP placed on the administrative record in EAPA case no. 7423 documents from the administrative record in EAPA case no. 7348, including extensive

responses dated March 13, 2020 to RFI's that CBP had issued to Kingtom in case no. 7348 with details describing a list of its equipment, the production capacity of its equipment, daily extrusion production records for its extrusion machines, a list of all its suppliers of raw materials and the materials they sold to Kingtom. Kingtom also documented its production process from order acknowledgement through shipment.

21. On June 3, 2020, CBP issued a supplemental RFI to Kingtom, to which it timely responded on June 17, 2020. In its supplemental RFI response, Kingtom reported its theoretical production volumes based on the daily production records reported in its RFI response. Kingtom also reported its monthly export and local sales information, and further described its production process.

22. On September 30, 2020, Plaintiffs, in conjunction with the other importers, submitted legal argument to CBP.

23. On September 30, 2020, Kingtom submitted legal argument to CBP. CBP refused to consider such arguments and returned the submission to Kingtom.

24. On January 28, 2021, CBP issued its initial determination of evasion, finding that Kingtom was able to produce aluminum extrusions in the Dominican Republic, but that Kingtom's failure to submit accurate information and cooperate to the best of its ability meant that CBP was unable to determine that Kingtom actually did produce all of the aluminum extrusions it sold. CBP therefore inferred that all merchandise imported to the United States by the Importers contained co-mingled Chinese- and Dominican Republic-origin aluminum extrusions.

25. On March 12, 2021, the U.S. importers, including Plaintiffs, submitted a Request for a *de novo* Administrative Review of the January 28, 2021 CBP determination.

26. On June 4, 2021, CBP issued its determination in the *de novo* administrative review,

finding that "when looking at the totality of the circumstances regarding evidence of Kingtom's actual production levels coupled with Kingtom's affiliations with China, a finding of evasion due to the commingling of Chinese-origin aluminum extrusions with Dominican Republic-origin aluminum extrusions is supported by substantial evidence in the record. There is more than a "mere scintilla" of evidence to support this finding of evasion." In making this determination, CBP expressly stated that it would not address the remaining arguments made by the importers. This language repeats the identical language in CPB's determination in the *de novo* administrative review in EAPA case no. 7348.

27. There were no documents in the record of any purchases by Kingtom of aluminum extrusions from China.

28. There were no documents in the record of any imports into the Dominican Republic of aluminum extrusions from China by Kingtom.

29. There were no documents in the record of any shipments by Kingtom of Chinese aluminum extrusions to the United States.

30. There were no documents in the record of any purchases by Kingtom of Chinese aluminum extrusions from any other company.

## STATEMENT OF CLAIMS

## COUNT ONE

31. The allegations of paragraphs 1 through 30 are incorporated by reference and restated as if fully set forth herein.

32. The EAPA statute and implementing regulations do not provide the affected parties the right to fully and actively participate in the proceedings, are unconstitutional and violate the 5th Amendment Due Process Clause.

## COUNT TWO

33. The allegations of paragraphs 1 through 30 are incorporated by reference and restated as if fully set forth herein.

34. An interested party participating in an agency proceeding has a due process right to "notice and a meaningful opportunity to be heard." *PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751, 761-62 (Fed. Cir. 2012) (quoting *LaChance v. Erickson*, 522 U.S. 262, 266(1998)); *see also* U.S. Const. art. 5.

35. CBP states that the regulations it promulgated to govern investigations of evasion claims seek "to make the proceedings under the EAPA as transparent as possible and to provide for full participation and engagement by all parties involved in an EAPA proceeding." *Investigation of Claims of Evasion of Antidumping and Countervailing Duties*, 81 Fed. Reg. 56,477, 56,479 (Dep't Homeland Sec. August 22, 2016).

36. In its regulations governing how evasion claims will be investigated, CBP only considers the party filing the allegation and the accused importer(s) to be parties to the evasion investigation. 19 C.F.R. §165.1. CBP's regulations foreclose other interested parties, such as a foreign manufacturer, from fully participating in the proceedings and unlawfully narrow the scope

of participation provided for under EAPA for "interested parties," as defined by 19 U.S.C. §1517(a)(6)(A). The statute therefore does not preclude CBP from accepting Kingtom's voluntary submissions. Because CBP denied Kingtom an adequate opportunity to participate, it also denied Plaintiffs' right to have all material information of record considered.

37. CBP's failure to allow the foreign manufacturer to participate deprives Plaintiffs of the contribution of the party in possession of the most important information in the investigation on which CBP's decisions are based.

38. CBP's decision to not allow Kingtom to participate and submit information and legal argument is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 19 U.S.C. §1517(g)(2)(B) and 5 U.S.C. § 706. To the extent the regulations preclude interested parties, such as the foreign producer who have a stake in the transactions at issue, from meaningfully participating in the EAPA investigation, the regulations are unconstitutional and violate the producer's and the Plaintiffs right to due process.

## COUNT THREE

39. The allegations of paragraphs 1 through 30 are incorporated by reference and restated as if fully set forth herein.

40. At every stage of the evasion investigation, CBP refers to and relies upon information submitted by the alleger and information gathered by CBP in the course of its investigation. CBP relied upon such information to support its finding of evasion. Despite relying on such information, CBP never provided unredacted copies of such information to Plaintiffs.

41. CBP's administration of the investigatory and administrative proceedings, including its decisions not to release evidence necessary for Plaintiffs to raise its defenses and to heavily redact administrative record submissions is arbitrary, capricious, an abuse of discretion,

and otherwise not in accordance with law, in violation of 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

**COUNT FOUR**

42. The allegations of paragraphs 1 through 30 are incorporated by reference and restated as if fully set forth herein.

43. A determination as to whether covered merchandise was entered through evasion must be based on substantial evidence. 19 U.S.C. § 1517(c)(1)(A); 19 C.F.R. § 165.27(a).

44. The *June 4, 2021 Decision* concluding that "when looking at the totality of the circumstances regarding evidence of Kingtom's actual production levels coupled with Kingtom's affiliations with China, a finding of evasion due to the commingling of Chinese-origin aluminum extrusions with Dominican Republic-origin aluminum extrusions is supported by substantial evidence in the record" is based on surmise and supposition, contrary to record evidence before the agency, is thus arbitrary and capricious, and in violation of 19 U.S.C. § 1517(g)(2)(A) and 5 U.S.C. §706.

**COUNT FIVE**

45. The allegations of paragraphs 1 through 30 are incorporated by reference and restated as if fully set forth herein.

46. CBP failed to follow its regulations in the conduct of this investigation including failing to place certain documents on the record, and conducting a site visit of Kingtom prior to initiating the EAPA investigation. Such site visit was without statutory or regulatory authority pursuant to 19 U.S.C.§1517(c)(2)

47. An investigation conducted without due regard for the statues and regulations is unlawful and invalid.

## COUNT SIX

48. The allegations of paragraphs 1 through 30 are incorporated by reference and restated as if fully set forth herein.

49. CBP expressly stated that it would not consider certain arguments presented by the importers in the Administrative Review process, and to the extent that it did consider such issues, it barely addressed such issues.

50. CBP gave undue weight to evidence submitted by alleger and did not give proper weight to evidence provided by importers.

51. The failure to consider certain arguments presented by importers and the failure to give proper weight to the evidence submitted by all parties impermissibly tainted the results of the investigation and rendered the underlying determinations invalid.

## COUNT SEVEN

52. The allegations of paragraphs 1 through 30 are incorporated by reference and restated as if fully set forth herein.

53. Congress authorized CBP to initiate an investigation under EAPA only if CBP determines that information "reasonably suggests that covered merchandise has been entered into the Customs territory of the United States through evasion." A review of the full allegations, both public and confidential, demonstrates that CBP had no basis to initiate this investigation, that the evasion determination resulting from an improperly initiated investigation should be vacated, and the investigation should be terminated *ab initio*.

54. CBP's initiation determination dated January 28, 2021 and its final determination dated June 4, 2021 were thus unsupported by substantial evidence and otherwise not in accordance with law.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Court enter judgment as follows:

1. Sustaining counts one through seven of Plaintiffs' Complaint;

2. Remanding this matter to U.S. Customs and Border Protection with instructions to terminate this investigation and order the liquidation of entries without the addition of antidumping and countervailing duties; and

3. Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

*/s/ Beth C. Ring*
Beth C. Ring

**SANDLER, TRAVIS & ROSENBERG, P.A.**
675 Third Avenue, Suite 1805-06
New York, New York 10017
212-549-0133
bring@strtrade.com

July 6, 2021

**Certificate of Service**

I, Beth Ring, counsel for Plaintiffs Industrias Feliciano Aluminum, Inc., JL Trading Corp. and Puertas y Ventanas J.M., Inc., hereby certify that on July 6, 2021, I caused Plaintiffs' Summons and Complaint to be served by certified mail, return receipt requested on the following:

| | |
|---|---|
| Attorney-in-Charge<br>International Trade Field Office<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>26 Federal Plaza<br>New York, N.Y. 10278 | Commissioner<br>U.S. Customs and Border Protection<br>Office of Chief Counsel<br>1300 Pennsylvania Ave., N.W.<br>Washington, D.C. 20229 |

Pursuant to the notice requirements of USCIT Rule 3(f), undersigned counsel also certified that on July 6, 2021, I caused Plaintiffs' Summons and Complaint to be sent by certified mail, return receipt requested or such other method agreed to by the parties, to the following:

| | |
|---|---|
| Robert DeFrancesco, Esq.<br>Wiley Rein LLP<br>Counsel for Aluminum Extrusions Fair Trade Committee<br>1776 K St., NW<br>Washington, D.C. 20006 | Jennifer Diaz, Esq.<br>Diaz Trade Law<br>Counsel for Global Aluminum Distributor LLC<br>12700 Biscayne Blvd., Suite 301<br>North Miami, FL 33181 |
| Lizbeth Levinson, Esq.<br>Brittany Powell, Esq.<br>Fox Rothschild LLP<br>Counsel for Classic Metals Suppliers<br>1030 15th St., N.W., Suite 380 East<br>Washington, D.C. 20005 | Alberto Casteñer, Esq.<br>Casteñer & Cia P.S.C.<br>Counsel for H & E Home<br>Mai Center, Marginal Kennedy<br>771 Calle1, Suite 204<br>San Juan, PR 00920 |
| C.J. Erickson, Esq.<br>Cowan, Liebowitz & Latman<br>Counsel for Florida aluminum Extrusion LLC<br>114 West 47th St, 21st Fl.<br>New York, N.Y. 10036-1525 | |

                                                                                     Respectfully submitted,

                                                                                     /s/ *Beth C. Ring*
                                                                                     Beth C. Ring
                                                                                     Sandler, Travis & Rosenberg, P.A.
                                                                                     675 Third Ave., Suite 1805-06
                                                                                     New York, N.Y. 10017

July 6, 2021